**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs. Case No.: 8:24-cr-00564-KKM-TGW

DANIEL LIBURDI,

Defendant.

_____________________________/

**DEFENDANT DANIEL LIBURDI'S MOTION[1] FOR WAIVER OF THE PREPARATION OF THE PRESENTENCE INVESTIGATION REPORT PURSUANT TO FED. R. CRIM. P. 32(c)(1)(A)(ii)**

COMES NOW, the Defendant, Daniel Vincent Liburdi ("Liburdi"), by and through his undersigned counsel, and moves this Honorable Court to issue an Order waiving the preparation of the Presentence Investigation Report ("PSIR") in this case pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii).

## MOTION

Defendant moves this Court to issue an Order waiving the preparation of the PSIR in this case pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii).

[1] The Government takes "**no position**" on this Motion. Doc. 260 at 2; *see also infra* pages 6, 9 (emphasis added).

**PROCEDURAL HISTORY**

On December 18, 2024, a Federal Grand Jury in the Middle District of Florida returned an Indictment charging Liburdi, Frank Carbone ("Carbone"), and others with violations of 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud), 18 U.S.C. § 1344 (Bank Fraud), and 18 U.S.C. § 1956(a)(1)(A) (Conspiracy to Commit Money Laundering). Doc. 1. Liburdi was arrested on January 9, 2025.

On April 10, 2025, the Court issued its Scheduling Order that set the jury trial for February 2, 2026 as well as various other pre-trial deadlines. Doc. 76 at 1-2. Subsequently, on December 15, 2025, the Court granted co-defendant Carbone's Motion for a Continuance, and rescheduled the trial for June 1, 2026. Doc. 198 at 2.

On April 13, 2026, after being informed that Defendant Liburdi and the Government had reached a plea agreement, the Court issued a Notice setting Liburdi's Change of Plea Hearing for May 19, 2026. Doc. 250.

That same day, the Government and Liburdi "jointly move[d] to cancel the pretrial deadlines set forth in the Court's Scheduling Order, Doc. 199, and to remove the case from the June trial calendar." Doc. 251 at 1. On April 14, 2026, the Court granted the Motion (Doc. 251), "VACAT[ING] all deadlines in the Scheduling Order and REMOV[ING] the case from the June 2026 Trial Calendar." Doc. 252. The Court also "OVERRULE[D] as moot all outstanding objections and related motions for a hearing[.]" *Id.*

On May 15, 2026, the Government filed a One Count Superseding Information charging Liburdi with Making and Subscribing a False Tax Return, which alleged that Liburdi's "IRS Form 1040 … for the tax year 2023, … misrepresented the domestic source of his reported income, resulting in the defendant willfully underreporting the amount of tax due and owing for tax year 2023 in the amount of $9,881,118 … [i]n violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2." Doc 254. at 1-2.

At the conclusion of Liburdi's Change of Plea Hearing on May 19, 2026, United States Magistrate Judge Natalie Hirt Adams ("Magistrate Judge Adams") accepted Defendant's Plea of Guilty (Doc. 259) and issued her Report and Recommendation Concerning Defendant's Plea of Guilty, where she advised "that his guilty plea be accepted and that the Defendant be adjudged guilty and sentenced accordingly" (Doc. 261 at 2).

Liburdi files this Motion, to which the Government, as part of the Plea Agreement, takes "no position." Doc. 260 at 2.

## SUMMARY OF RELEVANT FACTS

The Defendant agreed, *inter alia*, to:

1. Pay restitution to the Internal Revenue Service in the total amount of $34,846,381, pursuant to 18 U.S.C. § 3663(a)(3), and
2. Expressly waive his right to appeal his sentence on any ground barring a few outlined exceptions, not relevant here.

Doc. 257 at 3, 18.

In accordance with the Agreement, "[a]t the time of sentencing, and in the event that no adverse information is received [from the Government] suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility[.]" *Id.* at 4. "Further, [the Plea Agreement provided that] at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, [as it will be here,] and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this [] Agreement, … the United States agrees" to move "for a downward adjustment of one additional level." *Id.* Further, the AUSA and the United States "estimate[d] that the defendant's adjusted offense level is 25[.]" *Id.* at 5.

The Defendant also agreed to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters. *Id.* In recognition of Liburdi's anticipated assistance, the Government agreed to consider whether Defendant's cooperation warranted "a downward departure from the applicable guideline range pursuant to USSG §5K1.1," the "imposition of a sentence below a statutory minimum," or the "reduction of sentence within one year of the imposition of sentence[.]" *Id.* at 6.

The Plea Agreement also provided that while "[t]here is no criminal forfeiture in this case[,] … the defendant consent[ed] to the civil judicial and/or administrative forfeiture of the following assets[:]"

1. **Real Properties**

   A) "[T]he real property located at 195 Chocolate Hole, USVI, … or [the payment of] $2,500,000 in lieu of the property[;]"

   B) "[T]he real property located at 269 N. Hibiscus Dr., Miami Beach, Florida 33139; and"

   C) "[T]he real property located at 205 N. Hibiscus Dr., Miami Beach, Florida 33139;"

2. **Seized Vehicles**

   A) "2021 Ferrari 812 bearing Vehicle identification Number ZFF97CMA6M0257873;"

   B) "2021 Ferrari F8 bearing Vehicle identification Number ZFF93LMA4M0261951; and"

   C) "2023 Land Rover Range Rover bearing Vehicle Identification Number SALKP9E7XPA010109;"

3. **Seized Bank Accounts**

   A) "Approximately $1,067.76 seized from JPMorgan Chase …, held in the name of GGM Group Family Office LLC;"

   B) "Approximately $219,120.09 seized from JPMorgan Chase …, held in the name of Daniel V. Liburdi;"

C) "Approximately $50,760.03 seized from JPMorgan Chase …, held in the name of Green Brick Media LLC;"

D) "Approximately $131,790.49 seized from Merchant Commercial Bank …, held in the name of Daniel V. Liburdi; and"

E) "Approximately $11,770.12 seized from Merchant Commercial Bank …, held in the name of GGM Group LLC."

*Id.* at 9-11.

During the May 19, 2026 Change of Plea Hearing, Defendant's counsel made clear, on the record, that, as part of the Plea Agreement, the Government had agreed to take "no position" on this Motion seeking to waive the PSIR. Doc. 260 at 2.

The parties agree that the maximum sentence the Court can impose is 36 months, and Defendant's Federal Sentence Guidelines ("FSG") Range calculated by the Government is a level 25 (57-71 months).

Liburdi and the Government can also readily provide all other information necessary for the purposes of sentencing through submissions to the Court. For example:

1. Defendant has a Criminal History I and no prior convictions;
2. Defendant has the ability to make restitution and pay any fines imposed; and

3. Regardless of how the FSG advisory range is calculated, it will exceed the statutory maximum.

## MEMORANDUM OF LAW

"Under Rule 32(c)(1)(A)(ii), a court may dispense with the [presentence] investigation [report] only if it finds that the **information currently in the record is sufficient to enable the 'meaningful exercise' of its sentencing authority**." *United States v. Cruz-Piloto*, 2026 LX 28423, at *1 (M.D. Fla. Jan. 14, 2026) (emphasis added). In other words, for the court to be able to waive a PSIR, it must be the case that it "could properly sentence *before* the report was received." *United States v. Manuella*, 478 F.2d 440, 442 (2d Cir. 1973). Based on the information that has currently been provided, as noted in the Summary of Relevant Facts, and on representations made to the Court during the plea colloquy (a transcript of which has been ordered), all relevant facts needed for sentencing are either on the record or will be provided to the Court in timely sentencing submissions. And "while the Court has broad discretion [in whether or] not to order a presentence investigation report, 'dispensing with a presentence report should be done very rarely and then only if accompanied with a statement of the reasons therefor.'" *United States v. Eisenberger,* 2023 U.S. Dist. LEXIS 50096, at *3 (N.D. Okla. Mar. 24, 2023) (quoting *Manuella*, 478 F.2d at 442). This is one of those rare cases.

Courts have previously found it "appropriate to dispense with the need for preparation of a presentence report" when "[i]t appears that Defendant's criminal history and applicable Sentencing Guidelines advisory range calculation are uncontested, in the record already, or can be provided by the parties." *United States v. Garcia-Gomez*, 2025 LX 329371, at *3-*4 (W.D. Wash. Aug. 27, 2025). Here, the Plea Agreement establishes the facts relevant to the offense, and Liburdi has stipulated to these facts. Because both parties have already agreed upon the exact amount of restitution to be paid and the specific assets that Defendant will forfeit, Doc. 257 at 9-11, any details regarding Liburdi's financial status will be unnecessary. Defendant affirmatively represents he has the ability to pay the maximum fine of $100,000, were the Court to impose same. Any additional information about Liburdi's background, criminal history, nature of the offense, applicable FSG advisory range calculations, and the types of sentences available to the Court can and will be readily provided through submissions by the defense and the Government. As such, the Court can meaningfully analyze the § 3553(a) factors relevant to this matter based upon the record before it and the supplemental information that will be provided by the parties prior to and at the sentencing hearing.

Moreover, in light of the relevant facts and the statutory maximum cap, it is evident that the most severe sentence the Court could impose is less than one that the Court can hand down in reliance on the FSG Advisory Range calculation. Thus, requiring the United States Probation Office to prepare a PSIR would waste

valuable time and resources. While matters of "convenience and efficiency" alone are non-dispositive, they are nevertheless "important," and they favor the waiver of the PSIR, especially when the Court already has or will have all of the information it needs to determine its sentence. *See Cruz-Piloto*, 2026 LX 28423, at *2. Thus, the Court should grant this Motion seeking to waive the preparation of a PSIR in this case. *See Garcia-Gomez*, 2025 LX 329371, at *4 (granting the defendant's motion to waive preparation of a PSIR).

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel has conferred with AUSA Ross Roberts, who advised that the Government takes no position on the relief sought.

## CONCLUSION

FOR THE FOREGOING REASONS, and because the FSG Advisory Range calculation will exceed the statutory sentence limit that the Court can impose, Liburdi respectfully moves this Honorable Court to enter an Order waiving the preparation of the PSIR in this case pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) and for such other and further relief as is just and proper.

Dated at Madison, Wisconsin this 1st day of June, 2026.

Respectfully submitted,

/s/ Stuart I. Hyman
STUART I. HYMAN
Florida Bar #319945
**Stuart I. Hyman, P.A.**

/s/ Joel Hirschhorn
JOEL HIRSCHHORN
Florida Bar #104573
**Hirschhorn Law Office**

Attorney for Defendant
1520 E. Amelia St.
Orlando, FL 32803-5407
Telephone: (407) 896-0536
shumanlaw@aol.com

Attorney for Defendant
4230 East Towne Blvd., #319
Madison, WI 53704-3704
Telephone: (305) 389-4726
joel@hirschhorn.law

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 1, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

/s/ Joel Hirschhorn
JOEL HIRSCHHORN